IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VERZANI EDGE LLC, and KIMBERLY A. VERZANI, <br><br> Defendants. | 8:19CV332 <br><br> ORDER |

This matter is before the Court on the defendants' motion to dismiss, Filing No. 8. This is an action for a violation of the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy"). The plaintiff alleges it held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 201: Lawler vs. Woodley*, which was telecast nationwide on July 30, 2016 (hereinafter, "the Program"). It further alleges an unauthorized satellite transmission or, alternatively, unauthorized receipt over a cable system, of the program by the defendants on that date.

The defendants move to dismiss on the grounds that the action is barred by the statute of limitation. It contends that, because the Communications Act does not contain a limitations provision, the Court should apply the eighteen-month limitation found in the Nebraska antipiracy statute, Neb. Rev. Stat. § 28-515.01, to the plaintiff's claims.

Although the Communications Act does not contain a statute of limitations provision, this Court agrees with those courts that apply the three-year statute of limitations set forth in the Copyright Act, 17 U.S.C. § 507(b). *See, e.g., Prostar v. Massachi*, 239 F.3d 669, 678 (5th Cir. 2001); *Comcast of Illinois X v. Multi-Vision Elecs.,*

1

*Inc.*, No. 8:03CV311, 2005 WL 2177070, at *5 (D. Neb. Sept. 8, 2005), *aff'd* 491 F.3d 938, 943 (8th Cir. 2007) (declining to decide whether the limitations period associated with federal copyright law or the limitations period under Nebraska law applies).

For the reasons stated in this Court's decision in *Comcast,* the Court finds the three-year statute of limitations applies to the plaintiff's claims. *Id.*, 2005 WL 2177070 at *5. The Court continues to agree that the similarity to the Copyright Act and the strong federal interest in uniformity and nationwide application of the Communications Act favors application of the federal three-year statute of limitations. This action was filed on July 29, 2019, within three years of the alleged unauthorized viewing on July 30, 2016. Filing No. 1. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (Filing No. 8) is denied.

Dated this 4th day of February, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge